UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RUBEN SLACKS,

                Plaintiff,

  -v.-                                                         9:07-CV-0510
                                                                  (NAM)(GJD)

GRAY; T. FARRELL; FISCHER; HAVCK; and
ANTHONY,

                Defendants.

---

APPEARANCES:                                      OF COUNSEL:

RUBEN SLACKS
92-A-6182
Eastern Correctional Facility
Box 338
Naponoch, New York 12458
Plaintiff, *pro se*

ANDREW M. CUOMO                          CHRISTINA L. ROBERTS-RYBA
New York State Attorney General          Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for the Represented Defendants

GUSTAVE J. DI BIANCO, U.S. Magistrate Judge

## DECISION and ORDER

      Plaintiff Ruben Slacks commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983 on May 14, 2007. Dkt. No. 1. By Order filed May 22, 2007, the Court granted plaintiff's *in forma pauperis* application and directed the Clerk to issue summonses and forward them, with copies of the complaint, to the U.S. Marshals Service for service of process on the defendants. Dkt. No. 4.

      With the exception of defendant Fischer, all of the defendants have been served. *See* Dkt. Nos. 7 - 9 and 11. A summons was issued for defendant Fischer at Eastern Correctional Facility

on May 23, 2007, but was returned unexecuted because Fischer was "no longer at this facility." Dkt. Nos. 5, 10.  By letter dated June 19, 2007, the Clerk received notice from the Department of Corrections that defendant Fischer was now employed at Lakeview Shock Incarceration Correctional Facility and could be served at that location.  Dkt. No. 15.  On June 24, 2007, and again on August 29, 2007, a summons was issued to defendant Fischer for service at Lakeview. Dkt. Nos. 16, 25.  Both summonses were returned unexectued.  Dkt. Nos. 18, 30.

In this case, where plaintiff has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service was appointed to effect service of process of the Summons and Complaint on his behalf.  *See* Fed. R. Civ. Pro. 4(c)(2) (Marshals Service must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases.").  Thus, once the plaintiff has identified the defendants, the Marshals Service must undertake to locate them and accomplish the service.  The Marshals Service is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, the Marshals Service must make multiple attempts at service. *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge Service's request for waiver under Rule 4(d), Service must effect personal service under Rule 4(e)).  *Accord, Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y. 1996) (Smith, M.J.).  *See also* L.R. 5.1(h) (Service obligated to make personal service at plaintiff's request if no acknowledgment is filed with Court).[1]

---

[1] The Marshals Service's obligation to accomplish service of process on behalf of a plaintiff proceeding *in forma pauperis* has been construed to include, for example, efforts to locate a defendant who can no longer be served at the address provided by the plaintiff.  *See Graham v.*

Based upon the foregoing, a further attempt to serve defendant Fischer at the address provided by the Department of Corrections is in order. Accordingly, the Clerk of the Court is directed to complete a USM-285 form and reissue a summons and forward them, together with a copy of the complaint, to the U.S. Marshal for **personal** service on defendant Fischer at Lakeview Shock Incarceration Correctional Facility, 9300 Lake Avenue, Brocton, New York 14716-9798.

WHEREFORE, it is hereby

ORDERED, that the Clerk is directed to complete a USM-285 form and reissue a summons, and forward them, together with a copy of the complaint, to the U.S. Marshal for **personal** service on defendant Fischer at Lakeview Shock Incarceration Correctional Facility, 9300 Lake Avenue, Brocton, New York 14716-9798, and it is further

ORDERED, that plaintiff's time in which to effect service on defendant Fischer is hereby extended for an additional 60 days from the filing date of this Order, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.  The Clerk shall also send a copy of this Order to the U.S. Marshals Service.

Dated: January 7, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

*Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Walker v. Navarro County Jail*, Civil Action No. 3:91-CV-1690-D, 1997 WL 42523, *2 (N.D.Tex. Jan. 24, 1997); *Candelaria v. Greifinger*, No. 96-CV-0017 (July 9, 1997) (Scanlon, M.J.);  *Jermosen v. Smith*, No. CIV-82-620E, 1989 WL 153810, *1 (W.D.N.Y. Dec. 7, 1989).