UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUBEN SLACKS,
                Plaintiff,
    vs.                                    9:07-CV-0510
                                                                      (NAM)(GJD)
GRAY, *et al.*,
                Defendants.

_____

APPEARANCES:                                  OF COUNSEL:

Ruben Slacks
92-A-6182
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo                  Christina L. Roberts-Ryba, Esq.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Ruben Slacks commenced this action by filing a *pro se* civil rights complaint on May 14, 2007. Dkt. No. 1. Currently before the Court is plaintiff's motion for injunctive relief. Dkt. No. 42. Defendants oppose the motion. Dkt. No. 43.

      In support of his motion for injunctive relief, plaintiff alleges that defendant Farrell "made a verbal threat of bodily harm" against him and that defendant Gray called him "a punk and a snitch" in front of other inmates. Dkt. No. 42 at 3. Plaintiff asserts that, as a result of the threats and Gray having referred to him as a "snitch," his life is in danger. *Id*. Plaintiff asks that "the entire list of defendant's

[*sic*] listed in [his] compliant [*sic*] as well as any staff member of Eastern [be ordered] to stay away from [him] unless it relates directly to their job performance." *Id*. at 4.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

    (a)    Irreparable harm

As to this first factor, with respect to the defendants' alleged threatening behavior, harassment, and threats, the Court notes that allegations of future injury without more do not establish a real threat of injury.  *Gibson v. Walker*, 95-CV-1649, (N.D.N.Y. Dec. 7, 1995) (DiBianco, M.J.) (Docket No. 6), *adopted,* (Docket No. 8) (Feb. 2, 1996) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)).  "The irreparable harm necessary to support injunctive relief must be 'actual and imminent,' not 'remote [or] speculative.' " *Young-Flynn v. Wright*, No. 05 Civ. 1488, 2007 WL 241332, at 7 (S.D.N.Y. Jan. 26, 2007) (citing *Forest City Daly Hous., Inc. v. Town of N. Hempstead,* 175 F.3d 144, 153 (2d Cir. 1999)."  Plaintiff's contention of threats and harassment without more are too speculative to establish irreparable harm.

    (b)    Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff

In addition, a party is not entitled to injunctive relief unless there is also **proof** of a likelihood of

succeeding on the merits of a claim, or **evidence** that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F.2d at 77.  In the present case, plaintiff has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted.  Plaintiff has failed to submit **proof or evidence** which meets this standard.  Plaintiff has failed to demonstrate to the satisfaction of this Court that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.[1]

Since plaintiff has failed to establish either of the two requisite elements discussed above, plaintiff's request for injunctive relief is denied.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 42) is **DENIED**, and it is further

ORDERED that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:  June 25, 2008

Norman A. Mordue
Chief United States District Court Judge

---

[1] Moreover, to the extent that plaintiff is seeking injunctive relief against not only the defendants, but "any staff member of Eastern," plaintiff's request is denied.  Plaintiff is advised that, except in limited circumstances not relevant herein, a Court may not order injunctive relief as to nonparties to an action. *See* Rule 65(d) of the Federal Rules of Civil Procedure ("[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan,* 858 F.2d 115, 120 (2d Cir. 1988); *Sumpter v. Skiff*, No. 9:05-CV-0869, 2006 WL 3453416, at *1 (N.D.N.Y. Nov. 28, 2006).