UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**RUBEN SLACKS,**

**Plaintiff,**

**-v-**                                                    **9:07-CV-510 (NAM/GJD)**

**GRAY, Correctional Officer, Eastern NY Correctional
Facility;C.O. FARRELL; C.O. HAUCK; SGT. FISCHER;
R.N. ANTHONY,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Ruben Slacks
92A6182
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458-0338
Plaintiff, *Pro Se*

Andrew M. Cuomo, Attorney General of the State of New York
Christina L. Roberts-Ryba, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Correctional

Services, brought this action under 42 U.S.C. § 1983 for civil rights violations stemming from an

alleged assault by defendants Gray, Farrell, and Fischer.  Plaintiff claims that defendant Hauck

was present during the assault but failed to intervene.  Plaintiff also claims he was denied medical

care by defendant Nurse Anthony, was deprived of clothing and toilet paper overnight, and was

later improperly charged with misbehavior to cover up the assault.

Defendants moved (Dkt. No. 48) for summary judgment dismissing the action.  Upon

referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate

Judge Gustave J. DiBianco issued a Report and Recommendation (Dkt. No. 52) recommending

that the motion be granted in its entirety.

Plaintiff has submitted an objection (Dkt. No. 53).  In view of the breadth of plaintiff's

objections, the Court conducts a *de novo* review of all issues pursuant to 28 U.S.C. §

636(b)(1)(C).

A party moving for summary judgment bears the initial burden of demonstrating that there

is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56 (c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the Court, viewing the

evidence in the light most favorable to the nonmovant and drawing all reasonable inferences in

nonmovant's favor, determines that the movant has satisfied this burden, the burden then shifts to

the nonmovant to adduce evidence establishing the existence of a genuine issue of material fact

requiring a trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).   A genuine

issue of material fact exists if the evidence is such that "a reasonable [factfinder] could return a

verdict for the nonmoving party."  *Id.* at 248.  If the nonmovant fails to carry this burden,

summary judgment is appropriate.  *See Celotex,* 477 U.S. at 323-24.

Through consistent evidence, including medical records and defendants' declarations,

defendants have carried their initial burden of showing that there is no genuine issue of material

fact and they are entitled to judgment as a matter of law.  Although plaintiff disputes some of

defendants' evidence, the Court agrees with Magistrate Judge DiBianco that this is one of the rare

cases in which plaintiff's allegations throughout the record are so inconsistent that no reasonable

factfinder could find in his favor.  Plaintiff gives multiple versions of the events – in his disciplinary hearing testimony, his grievance, his interview in connection with the grievance investigation, his complaint in the instant action, his deposition in the instant action, and his interview with a psychologist from the Office of Mental Health – which are so inconsistent and contradictory that no reasonable juror could believe them.  Further, plaintiff's allegations are contradicted by the portions of the medical records that plaintiff does not dispute.  Viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in his favor, the Court determines that no reasonable juror could return a verdict for plaintiff.  Thus, plaintiff has failed to adduce evidence establishing the existence of a genuine issue of material fact requiring a trial.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge Gustave J. DiBianco (Dkt. No. 52) is adopted in full; and it is further

ORDERED that defendants' motion (Dkt. No. 48) for summary judgment is granted and the action is dismissed with prejudice.

IT IS SO ORDERED.

September 28, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge